UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-395-KKC

ANGELA DENISE NAILS, PLAINTIFF

V. **MEMORANDUM OPINION AND ORDER**

SEDEWICK INSURANCE, DEFENDANT

**** **** **** ****

## INTRODUCTION

Plaintiff Angela Denise Nails, a citizen of the State of Alabama, filed this action, *pro se*, pursuant to 28 U.S.C. § 1332, against defendant Sedewick Insurance, seeking reimbursement for the medical bills/expenses she allegedly incurred as the result of an on-the-job injury sustained on March 1, 2005, while she was employed by Manpower Services[1] on a temporary job assignment at a Movie Gallery in Dothan, Alabama. Plaintiff seeks $80,000.00 in compensatory damages.

This matter is before the Court on defendant's motion to dismiss this action [R. 15], pursuant to Fed.R.Civ.P. 12(b)(6), for plaintiff's failure to state a claim for which relief can be granted. Plaintiff having filed a response thereto [R. 17], this matter is ripe for review. Because the Court is persuaded that plaintiff's complaint fails to state a claim for which relief can be granted, defendant's motion to dismiss under Rule 12(b)(6) will be granted for the reasons explained below.

---

[1] While plaintiff only identifies her employer as Manpower, the Court presumes that the complete name of her employer is Manpower Services.

**FACTUAL BACKGROUND**

Plaintiff , a citizen of Alabama, claims that while she was employed by Manpower, Inc., she sustained an on-the-job injury on March 1, 2005, while performing a temporary job assignment at a Movie Gallery in Dothan, Alabama. Plaintiff asserts that defendant Sedewick Insurance is the workers' compensation insurer responsible for payment her medical expenses stemming from this job-related injury. In her complaint, plaintiff states that some, but not all, of her medical bills relating to this injury have been paid. Plaintiff seeks compensatory damages of $80,000.00 for payment of her remaining medical bills and apparently for her pain and suffering stemming from her alleged injury.

The named defendant, which plaintiff identified as "Sedewick Insurance," in the complaint was misidentified. Defendant, by counsel, advises that its proper designation is Sedgwick Claims Management Services, Inc. ("Sedgwick") and that it is the *current* third party administrator of Manpower, Inc.'s workers' compensation claims. Sedgwick advises that at the time of plaintiff's injury, March 1, 2005, Cambridge Integrated Services ("Cambridge") was the third party administrator of Manpower's workers' compensation claims. Sedgwick did not provide the exact date when it became the third party administrator of Manpower's workers compensation claims.

**DISCUSSION/ANALYSIS**

The essence of plaintiff's claim concerns her alleged on-the-job injury, which is clearly a workers' compensation claim arising under state workers' compensation law. In this case, the workers' compensation claim would be governed by the workers' compensation law of the State of Alabama, where the plaintiff is a citizen and resided at the time of her injury and where the on-the-job injury allegedly occurred.

### A. Lack of Jurisdiction

Plaintiff seemingly has filed this action in federal court in the Eastern District of Kentucky under the theory this court would have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 due to diversity of citizenship of the parties. The return address on the envelopes in which plaintiff mailed her original complaint and amended complaint to this Court lists her address as 50 Small Street, Apt. 17, Dothan, AL 36303. Thus, plaintiff appears to be a citizen of the State of Alabama. In her complaint, plaintiff states that the defendant's mailing address is Post Office Box 14437, Lexington, KY 40512. For these reasons, it appears that plaintiff elected to file this action in federal court under a diversity of citizenship theory.

Under 28 U.S.C. § 1332, a corporation shall be deemed to be a citizen of the state in which it is incorporated and of the state where its principal place of business is located, *except* that in any direct action against the insurer of policy or contract of liability insurance, irrespective of whether the insurer is incorporated, to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as the state in which it was incorporated and/or in which it has its principal place of business. See *Norton v. Belarus Machinery of USA, Inc.*, No. 3:05-CV-69-WKW, 2005 WL 1501452 (M.D. Ala. 2005).

Being an action filed pursuant to 28 U.S.C. § 1332, the federal court must follow federal procedural law but must also follow applicable *state* substantive law. See *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 77 (1938). In the present action, plaintiff Angela Nails, the insured, a citizen of the State of Alabama, is not joined as a party-defendant; therefore, under *Norton*, *supra*, the named defendant insurer, Sedgwick, is deemed to also be a citizen of the State of Alabama, the state of which plaintiff is a citizen, as well as the state in which it was incorporated and/or in which it has

its principal place of business. Consequently, there is no diversity of citizenship between the parties, because as a matter of Alabama law, in this instance, they are both citizens of the State of Alabama. Since there is no diversity of citizenship, the federal court in the Eastern District of Kentucky, has no jurisdiction over this matter under 28 U.S.C. § 1332.

**B.      Exclusivity of Workers' Compensation Actions**

Even if Plaintiff had established diversity of citizenship between the parties, it is well settled in Alabama that when an employee covered by the Alabama Workers' Compensation Act ("Act") suffers from an injury in an on-the-job accident, benefits under that Act are the *exclusive* remedy available against the employer, and an employee may not maintain a tort action against the employer to recover for damages resulting from the accident. *Tweedy v. Tennessee Valley Authority*, 882 F.2d 477 (11th Cir. 1989). Specifically, Alabama Workers' Compensation Act § 25-5-52 provides that an employee cannot seek compensation or damages, other than under the Act, for an injury or death occasioned by an accident proximately resulting from the performance of the duties of his or her employment. Further, § 25-5-53 provides that the rights and remedies granted to an employee shall exclude all other rights and remedies of the employee and that, with some exceptions, no employer shall be held civilly liable for personal injury to an employee whose injury or death is due to an accident while engaged in the business of the employer. Thus, Plaintiff's only possible remedy in this case is a claim for workers' compensation benefits.

Plaintiff cannot pursue a claim for workers' compensation benefits in federal court because the law in Alabama is that all workers' compensation claims are to be heard by the state circuit court that would have jurisdiction over an ordinary tort claim arising from the injuries in question. *Ex parte Lynn Adams*, 11 So.3d 243 (Ala. Civ. App. 2008). Therefore, plaintiff can maintain neither

a workers' compensation claim nor a tort claim in federal court resulting from her alleged on-the-job injury, as the proper venue for either such action would be in state court. In this case, venue would be proper in state court where Plaintiff resides (Alabama), where Manpower, Inc., does/did business (Alabama), and/or where the subject accident occurred (Alabama).

**C.     Statute of Limitations**

Assuming *arguendo* that the foregoing jurisdictional defects were not present and that the federal district court had jurisdiction over this matter, this court would be obligated to follow the state law of Alabama governing workers' compensation claims. Alabama Code 1975 § 25-5-80 provides that in cases of accidental injury, an employee must file his or her claim within two years of the date of the accident. See *Robert Burton & Associates, LTD v. David Morris*, 999 So.2d 927 (Ala.Civ.App. 2007). However, that section contains a tolling provision which provides that where payments of compensation have been made in any case, the period of limitation shall not begin to run until the time of making the last payment. The tolling provision is designed to prevent an employer from lulling an employee into a false sense of security by acknowledging liability for his or her claim and then relying on the statute of limitations for relief from further liability. Claims for medical benefits are not subject to any statute of limitations.

In the present case, Plaintiff alleges that she was injured in an accident occurring at Movie Gallery while she was employed by Manpower on March 1, 2005. Plaintiff states in her complaint that she "has not yet made any recovery from the Defendant for the Plaintiff [sic] medical bill cost and other worker compensation." Complaint, page 1 [R. 2]. As such, based solely on the allegations made in the complaint, Plaintiff's claim for workers' compensation benefits is time-barred under Alabama Code 1975 § 25-5-80.

**D.   Direct action against insurer is prohibited by law**

Prior to obtaining a judgment against the insured employer, a direct action against an insurance company to recover on a policy issued to a third party is prohibited under Alabama Code 1975 § 27-23-2, which provides as follows:

> **Ala. Code 1975 § 27-23-2.  Rights of judgment creditors.**
>
> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant *and the insurer* to reach and apply the insurance money to the satisfaction of the judgment. (emphasis added).

Ala. Code 1975 § 27-23-2.

Thus, before an injured party has the right to bring an direct action against an insurer, the injured party must first obtain a judgment against the insured for the loss covered by the insurance policy in question.  Once the injured party obtains a final judgment against the insured and becomes a judgment creditor, if the judgment is not satisfied within 30 days after it is entered, then the injured party is entitled to proceed directly against the tortfeasor's insurer to reach and apply the insurance money to the satisfaction of the judgment.  See *Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., Inc.,* 416 So.2d 979, 982 (Ala. 1982).

In the present action, Plaintiff was employed by Manpower, not Sedgwick, at the time of her injury.  Ignoring the fact that Sedgwick was neither the employer nor Manpower's insurer at the time of Plaintiff's injury in 2005, Plaintiff has no right to assert a cause of action against Sedgwick, even if Sedgwick were the insurer, unless and until (1) she obtains a judgment against Manpower, her

employer and the alleged tortfeasor, and (2) that judgment remains unpaid for a period of thirty (30) days after entry.

Under *Erie Railway v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity must apply state substantive law and federal procedural law. "The question of whether or not a direct action against an insurer is permitted is sufficiently determinative of the outcome of a trial that a federal court sitting in diversity jurisdiction must follow state law in making its decision." *Nelms v. State Farm Mutual Auto Ins. Co.*, 463 F.2d 1190, 1191 (5th Cir. 1972). The Supreme Court of Alabama has held that this direct action statute (Ala. Code 1975 § 27-23-2) is not wholly procedural, as it confers substantive rights upon the injured party, the insured, and the insurer. *Insurance Co. of North America v. Davis*, 274 Ala. 541, 150 So.2d 192, 194 (Ala. 1963). As such, the court in *Norton*, *supra,* held that Alabama's statute circumscribing the right of an injured party to sue the alleged tortfeasor's insurer directly is outcome-determinative under *Erie* and is substantive law. For this reason, the *Norton* court held that it was bound to apply § 27-23-2 and bar the direct action against the insurer.

*Norton* is equally applicable in the present action, as Sedgwick was not Plaintiff's employer and was not a separate tortfeasor at the time of the subject accident in 2005.

**CONCLUSION**

In summary, Plaintiff's complaint will be dismissed because (1) she has not established diversity of citizenship, (2) even if the parties were diverse, her workers' compensation claim arises under the Alabama Workers' Compensation Act, which preempts this action and is Plaintiff's exclusive remedy, (3) Plaintiff's workers' compensation claim is time-barred, and (4) Plaintiff presently has no right to maintain a direct action against her employer's insurer.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Sedgwick's motion to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim for which relief can be granted [R. 15] is **GRANTED**, and Plaintiff's Complaint [R. 2] is **DISMISSED**.

2. Plaintiff's "Motion Not To Dismiss" [R. 17, 18] is **DENIED**.

3. Plaintiff's motion for a hearing [R. 18] and motion for a settlement conference [R. 18] is **DENIED**.

4. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

5. Judgment in favor of the named Defendant Sedewick Insurance and in favor of Sedgwick Claims Management, Inc., will be entered contemporaneously with this Memorandum Opinion and Order.

Dated this 18th day of January, 2012.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**